REGAN, Judge.
Plaintiff, R. E. Edgar deMontluzin, Jr., filed suit against the defendant, Ajax Machine Works, for the sum of $215.76, alleging that this amount was due by virtue of a commission earned on the sale of an oil distributor to the 'City of New Orleans.
Defendant answered admitting that the oil distributor in question was sold to the City of New Orleans, but denying that plaintiff was entitled to a commission emanating from the said sale because, the sale to the City had not been consummated while the plaintiff was in defendant’s employ.
From a judgment in favor of defendant dismissing plaintiff’s suit as of non-suit, the plaintiff prosecutes this appeal.
The record discloses that on December 19, 1947, plaintiff and defendant entered into a written contract wherein it was agreed that the plaintiff was to receive a commission of 35.7% on the gross profits realized by the defendant from the sale of certain equipment. The contract, in all other respects, as it might logically relate to this case, is silent. Plaintiff, sometime after entering into this agreement with defendant, learned, through the City Engineer’s Office, that the City was interested in acquiring an oil distributor and, in due course and according to the prescribed law, the City advertised for bids. Defendant submitted the lowest bid as was revealed by the opening thereof on February 20, 1948. On March 12, 1948, the Commission Council of the City of New Orleans adopted an ordinance accepting the low bid of the defendant for the oil distributor and authorized the Mayor to enter into a notarial contract with defendant for the purchase of the said equipment. On March 15, 1948, the defendant, through Mr. Abaunza, one of the partners of the defendant company, advised plaintiff by office memorandum that his services were no longer required as of that date. On April 5, 1948, a notarial con *330 tract between the City of New Orleans and the defendant for the purchase of the oil distributor was executed by act passed before the City Notary. The gross profit on the sale inuring to the defendant amounted to $604.40, therefore, if plaintiff is entitled to a commission, it would amount to $215.-76, the sum sued for herein.
The only question posed by virtue of the pleadings and testimony herein is whether plaintiff had earned the commission in dispute while he was actually in the employ of the defendant. In our opinion plaintiff’s commission, in the instant case, was not limited in time to the duration of his actual employment by the defendant.
Defendant contends that plaintiff's “commission could only be earned when a formal contract was entered into for the sale of equipment and payment actually made. When these two conditions took place, deMontluzin was no longer an employee of Ajax.”
A thorough analysis of the record convinces us that it was through the medium of plaintiff’s initial idea and effort that the defendant’s bid for the sale of the oil distributor was submitted to the City, accepted by the City on March 12, 1948, and subsequently consummated through a notarial contract on April 5, 1948.
Our conception of the problem presented here by the respective litigants together with the conclusion that we have reached, obviously makes it an immaterial factor that plaintiff was discharged on March 15, 1948, which was after the acceptance of the bid by the City but prior to the actual consummation of the formal notarial contract between the City of New Orleans and the defendant.
The record reveals that the evidence' preponderates to the effect that the sale to the City of the oil distributor was, in the final anaylsis, a culmination of plaintiffs idea, initiative and effort and that he did all that was expected or anticipated with respect to effecting this sale. This was admitted by Mr. Abaunza, as reflected from the following testimony:
“Q. How did you first know about this particular bid being submitted by the City, did Mr. deMontluzin call that to your attention? A. I don’t know if he did before I read it; being in that type of business I have a habit of reading everyone of the notices that are advertised in the papers, and whether he handed me a clipping the day it came out or I noticed it I don’t know, but he probably did hand me the clipping.
“Q. But he did exert some effort in try'ing to obtain information concerning the specifications that was ultimately submitted to the City? A. None, other than suggest that we write to the Lull Equipment Company asking if they handled the distributor.
“Q. That’s about all he could do anyway, was it not? A. That’s about all.”
For the reasons assigned the judgment appealed from is annulled, avoided and reversed and it is now ordered that there be judgment herein in favor of the plaintiff, R. E. Edgar deMontluzin, Jr., and against the defendant, Ajax Machine Works, in the full sum of $215.76 with legal interest and for all costs.
Reversed.